Applicant, Sean Patrick Paris, Kentucky Bar Association (KBA) Member No. 86460, was admitted to the Kentucky Bar on October 18, 1996. His bar roster address is 14142 Denver West Parkway, Building 51, Suite 200, Lakewood, CO 80401. Paris moved to Colorado in June 1996. Paris failed to comply with Supreme Court Rule (SCR) 3.480(1) for withdrawal from the KBA and was suspended by Order of this Court for non-payment of dues on April 22, 1999.
Since May 1997, Paris has practiced law in Colorado. He has never been disciplined, nor has he been required to surrender a license in Kentucky or any other *767 state. Paris was charged with unprofessional conduct in Colorado in 2004, but he was cleared of the charge by summary judgment granted in his favor.[1] He submitted a certificate of good standing from the Colorado Bar Association, United States District Court for Colorado, United States Court of Appeals, Tenth Circuit, United States Tax Court, and United States District Court for the Eastern District of Kentucky.
On November 17, 2016, Sean Patrick Paris filed an Application for Restoration pursuant to SCR 3.500(3). His application included a memorandum from the Office of Bar Counsel stating that he has no disciplinary matters pending against him, nor has he been the subject of any claims against the Clients' Security Fund. In addition, the Director of Continuing Legal Education (CLE) of the KBA provided a letter stating that Paris has complied with the CLE requirement for restoration.
On July 19, 2017, the Character and Fitness Committee reviewed Paris's application and rendered its Findings of Fact, Conclusions of Law, and Recommendation. The Committee determined that Paris's conduct since suspension has been appropriate and that nothing reported would disqualify him from readmission. Finding clear and convincing evidence that Paris possesses the requisite character and fitness to practice law in Kentucky, the Committee recommends that Paris be restored to the KBA upon passing a written examination.
On September 15, 2017, the Board of Governors unanimously recommended approval of the restoration application and referred Paris to the Board of Bar Examiners for examination. Paris sat for the written examination on February 27, 2018, and received a passing score.
Paris's application for restoration was sent to this Court for approval. In order to be restored to the Kentucky Bar after suspension for non-payment of dues, SCR 3.500(3) requires that the former member (a) submit an application for restoration and a $750.00 fee, plus all applicable unpaid bar dues; (b) submit a certificate from the Office of Bar Counsel stating that the former member has no pending disciplinary matters; (c) submit a certificate from the Director of Continuing Legal Education; (d) submit an additional $750.00 fee to the Kentucky Office of Bar Admissions and (e) pass a written examination. SCR 3.500(4) also requires that the applicant pay a $2,500.00 cash bond to the Office of Bar Admissions in order to cover the costs incurred in excess of the filing fee. The Character and Fitness Committee certified that it incurred no costs in this matter. The costs incurred by the KBA total $659.11.
Upon review of the record, this Court finds that Paris has met all requirements of SCR 3.500. Finding no reason to disagree with the Board of Governors, we find that Paris is entitled to be restored to the practice of law.
*768 ORDER
Finding that Sean Patrick Paris has met all requirements for restoration under SCR 3.500, it is ORDERED that:
1. Sean Patrick Paris, KBA member number 86460, is hereby restored to membership to the Bar of the Commonwealth of Kentucky, subject to the payment of any current membership dues.
2. The Kentucky Office of Bar Admissions refund any funds remaining in Paris's bond account in excess of $659.11.
/s/ John D. Minton Jr.
CHIEF JUSTICE
All sitting.
All concur.

Paris's charge was for alleged violations of Colorado Rules of Professional Conduct (CRPC) 3.8(b), which states that a prosecutor in a criminal case shall make reasonable efforts to assure an accused has been advised of his right to, and the procedure for obtaining, counsel, and CRPC 3.8(c), which states that a prosecutor in a criminal case shall not seek to obtain a waiver of pretrial rights from an accused. The charges arose from Paris's work as a prosecutor and interaction with a murder suspect. The Colorado Supreme Court determined that the individual was a suspect, not an accused, and that since the suspect had not been charged, there was no "criminal case" as referenced by the above rules. The Colorado Supreme Court granted summary judgment in Paris's favor.